UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANA F.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

Case No. 3:18-CV-05821-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of her applications for disability insurance benefits and supplemental security income. The parties have consented to have this matter heard by the undersigned Magistrate Judge. The Court affirms Defendant's decision to deny benefits.

## I.    ISSUES FOR REVIEW

1. Did the ALJ err with respect to medical evidence in deciding step three, and step five?
2. Did the ALJ err in assessing Plaintiff's residual functional capacity ("RFC")?
3. Did the ALJ err in evaluating the vocational expert's testimony?[1]

---

[1] At the end of her argument concerning Mr. Lodovici, Plaintiff argues that the ALJ erred in citing Plaintiff's lack of consistent treatment as a factor affecting her credibility. Dkt. 11, p. 9; AR 32. The citation in Plaintiff's brief relates to the ALJ's evaluation of the opinion evidence, not Plaintiff's symptom testimony. AR 32. And, Plaintiff has failed to include any assignment of error in the "Issues" section of her brief related to her subjective allegations, and has not otherwise disputed the ALJ's evaluation of her subjective allegations beyond this single, stray contention. Dkt. 11, p. 2. Accordingly, the Court, pursuant to the briefing requirements contained in its scheduling order, declines to consider or rule upon this contention. Dkt. 8.

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 1

## II. FACTUAL AND PROCEDURAL HISTORY

On November 5, 2014, Plaintiff filed an application for disability insurance benefits, alleging an onset date of July 4, 2014. AR 22, 256-57. On January 12, 2015, Plaintiff filed an application for supplemental security income, with the same alleged date of onset. AR 22, 258-63. Plaintiff's applications were denied. AR 22, 172-77, 179-85. A hearing was held before Administrative Law Judge ("ALJ") David Johnson on March 31, 2017. AR 42-89. The ALJ found Plaintiff was not disabled. AR 19-34. The Social Security Appeals Council denied Plaintiff's request for review. AR 1-8. Plaintiff appealed to this Court and seeks an order reversing the ALJ's decision and remanding either for further administrative proceedings or an award of benefits. Dkt. 11, p. 13.

## III. STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019). This requires "more than a mere scintilla" of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## IV. DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The ALJ assesses the claimant's RFC to

determine, at step four, whether the plaintiff can perform past relevant work, and if necessary, at step five to determine whether the plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(e), 416.920(e).

In this case, the ALJ found that Plaintiff had the following severe impairments at step two: Mood disorder, posttraumatic stress disorder, major depressive disorder, headaches, vertigo, spinal abnormalities, hypothyroidism, right foot mass, and plantar fasciitis. AR 24-25. He found that Plaintiff was not able to perform past work, but that Plaintiff had the residual functional capacity to perform jobs available in the national economy. AR 32-33.

### A. The ALJ did not err in deciding step three against the Plaintiff

Plaintiff contends the ALJ erred in finding that none of Plaintiff's impairments met or equaled the severity of a listed impairment. Dkt. 11, pp. 5-7.

At step three of the sequential evaluation, the ALJ must evaluate the claimant's impairments to decide whether they meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R §§ 404.1520(d), 416.920(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If they do, the claimant is deemed disabled. 20 C.F.R §§ 404.1520(d), 416.920(d). The burden of proof is on the claimant to establish he or she meets or equals any of the impairments in the listings. *Tackett*, 180 F.3d at 1098.

#### 1. Listing 1.04

At step three of the sequential evaluation, the ALJ found Plaintiff's spinal disorder did not meet or equal Listing 1.04A. AR 25. The ALJ considered the x-ray and CT scan results when evaluating Plaintiff's RFC. AR 29.

Plaintiff alleges that her severe spinal impairment meets or equals listing 1.04A. Dkt. 11, p. 6. In support of her contention that her spinal impairment meets Listing 1.04A, Plaintiff cites imaging of Plaintiff's cervical spine dated December 3, 2015. The CT scan revealed that at the C3-C4, C4-C5, and C6-C7 levels, Plaintiff had 2 to 3 millimeter disc protrusions with foraminal narrowing, with possible nerve root impingement at C3-C4 and C4-C5, and impingement on the exiting left nerve roots at C6-C7. Dkt. 11, p. 6, AR 596.

Plaintiff also cites a CT scan of her lumbar spine dated December 3, 2015, which revealed two- to three-millimeter disc protrusions at L2-L3, L3-L4, and L4-L5. Dkt. 11, p. 6, AR 597. In addition, the CT scan revealed four- to five-millimeter broad-based disc protrusion at L5-S1 with mild bilateral foraminal narrowing and possible impingement on the exiting and traversing nerve roots bilaterally. *Id.* The imaging results cited by Plaintiff indicate that there may be nerve root involvement sufficient to meet the first requirement of Listing 1.04A - evidence of nerve root compression characterized by neuro-anatomic distribution of pain.

A claimant can meet Listing 1.04 by satisfying one of three different sets of criteria. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04 (describing different criteria under subsections A, B, and C). Listing 1.04A requires the existence of a spinal impairment resulting in the compromise of a nerve root (including the cauda equina) or the spinal cord, accompanied by: (1) evidence of nerve root compression characterized by neuro-anatomic distribution of pain; (2) limitation of motion of the spine; (3) motor loss (atrophy with associated muscle weakness or muscle weakness) with sensory or reflex loss; and (4) if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04A.

To meet a listing, a claimant "must have a medically determinable impairment(s) that satisfies all of the criteria in the listing." 20 C.F.R. §§ 404.1525(d); 416.925(d).

In this case, Plaintiff has not cited evidence sufficient to establish that her spinal impairment could meet the three other requirements of Listing 1.04A. Plaintiff cites evidence that her spinal impairment causes radicular pain and places significant limitation on her lumbar spine, markedly affecting her ability to flex, extend, bend, and rotate. Dkt. 11, p. 6, citing AR 503. Plaintiff cites a treatment note from Plaintiff's appointment with Jennifer Leepard, M.D., dated August 27, 2014. AR 503. On this date, Plaintiff went to Dr. Leepard complaining of swelling in her ankles, which had resolved. *Id.* While Dr. Leepard noted that Plaintiff had a history of lumbar pain, she did not opine that Plaintiff would have any marked limitations. The physical examination conducted by Dr. Leepard revealed no abnormalities, and Dr. Leepard noted that Plaintiff was treating her lumbar pain with over the counter medications and a heating pad. AR 504-05.

          2.   <u>Listings 12.04 and 12.06</u>

Plaintiff contends that the ALJ erred by finding that Plaintiff's depressive disorder and anxiety disorder did not meet the paragraph B criteria of listings 12.04 and 12.06, respectively. Dkt. 11, pp. 6-7. To satisfy the "paragraph B" criteria, the mental impairment in question must result in at least one extreme or two marked limitations in a broad area of functioning, which are: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; (4) or adapting or managing themselves. 20 C.F.R Part 404, Subpart P, Appendix 1, §§ 12.04(B), 12.06(B).

In support, Plaintiff cites a December 17, 2015 treatment note written by Michael Lodovici, who stated the intensity of Plaintiff's mental health symptoms was severe and that she would have severe impairment with respect to social relationships, vocation/education, and physical care. AR 592.

1    Plaintiff's Opening Brief refers to Mr. Lodovici as "Dr. Lodovici" (Dkt. 11, p. 7) yet the record indicates Mr. Lodovici is a Marriage and Family Therapy ("MFT") intern. Therefore Mr. Lodovici would not fit in the category of an "acceptable medical source" under Social Security regulations. AR 591. *See* 20 C.F.R. §§ 404.1502, 416.902.

In assessing Plaintiff's mental health impairments and the paragraph B criteria, the ALJ cited a mental status examination conducted on the same day by Mr. Lodovici which was unremarkable. AR 587-89. If Mr. Lodovici's notations were intended to assess Plaintiff's functional limitations, the ALJ would have erred in not evaluating these statements. *See e.g., Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (an ALJ may only disregard opinion evidence provided by "other sources," if the ALJ "gives reasons germane to each witness for doing so") (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).

Yet Mr. Lodovici's report appears to indicate a "severe" impairment, and serves as a characterization of Plaintiff's *statements* to Mr. Lodovici regarding several functional domains -- instead of a substantive assessment concerning Plaintiff's actual functional limitations. For example, Mr. Lodovici's notation that Plaintiff would have no impairment in independent living appears to have been based exclusively on Plaintiff's report that she had no independent living impairments due to mental illness. AR 585, 592. Similarly, Mr. Lodovici's notations concerning Plaintiff's "severe" impairment with respect to social relationships, vocation/education, and physical care were meant to categorize Plaintiff's self-reports, not to offer Mr. Lodovici's opinion concerning her functional limitations. AR 582-86, 592.

B. <u>The ALJ did not err in evaluating the medical opinion evidence</u>

Plaintiff maintains that the ALJ failed to properly evaluate the medical opinion evidence. Dkt. 11, pp. 7-10.

1.  Michael Lodovici

Plaintiff argues that the ALJ did not provide specific and legitimate reasons for rejecting the notations of Mr. Michael Lodovici, and again incorrectly refers to Mr. Lodovici as a physician. Dkt. 11, pp. 8-9. For the reasons discussed above, the ALJ was not required to weigh Mr. Lodovici's notations. *See supra* Section A.2.

2.  Satya Sahu, M.D.

Plaintiff argues that the ALJ did not provide a legitimate reason for discounting CT scans of Plaintiff's cervical spine, lumbar spine, and lumbosacral spine conducted by Dr. Satya Sahu. Dkt. 11, pp. 9-10. Plaintiff contends that this objective imaging was not taken into consideration when the ALJ assessed Plaintiff's RFC. *Id.* at 10.

The imaging of Plaintiff's lumbosacral spine was an x-ray (not a CT scan). AR 599. The ALJ evaluated this evidence when assessing Plaintiff's RFC. *See supra* Section A.1; AR 29. Although this diagnostic imaging was significant, probative evidence that the ALJ was obliged to consider, it does not constitute *opinion evidence* from an acceptable medical source; therefore, the ALJ was not required to provide specific, legitimate reasons for discounting this imaging evidence. Social Security regulations define medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." *See* 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1). Dr. Sahu did not provide an opinion with any assessment of Plaintiff's functional capacity in connection with these imaging results.

C.  The ALJ did not err in assessing the RFC

1    Plaintiff argues that the ALJ erred in not including additional restrictions in the RFC

2    hypothetical posed to the vocational expert. Dkt. 11, pp. 10-11. Plaintiff re-states her argument

3    that the ALJ erred in improperly evaluating Mr. Lodovici's treatment notations and the

4    diagnostic imaging results provided by Dr. Sahu. Dkt. 11, p. 11. As discussed above, neither Mr.

5    Lodovici nor Dr. Sahu assessed any of Plaintiff's work-related functional limitations. *See supra*

6    Sections A.2 and B.2.

7    Plaintiff further argues that the ALJ erred in improperly weighing "opinion evidence"

8    from Autumn Lee, BA. Dkt. 11, p. 11. First, Ms. Lee is a care coordinator with a B.A., not an

9    acceptable medical source. AR 610, 613, *see* 20 C.F.R. §§ 404.1502, 416.902. Second, Ms. Lee

10   has not offered an opinion concerning Plaintiff's functional limitations. Third, Plaintiff does not

11   accurately quote the treatment note she cites in connection with Ms. Lee's statements. Dkt. 11, p.

12   11, *compare with* AR 632.

13   The Plaintiff's conclusory allegation does not identify an issue for review. *See Valentine*

14   *v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any

15   invitation" to find error where the claimant failed to explain how the ALJ harmfully erred).

16   None of these individuals have assessed any functional limitations related to Plaintiff's

17   physical or mental impairments, and Plaintiff does not specify what additional limitations the

18   ALJ should have included in Plaintiff's RFC. Given the lack of specificity in Plaintiff's

19   argument, Plaintiff failed to demonstrate any harmful error on this issue. *See Bailey v. Colvin*,

20   669 Fed. Appx. 839, 840 (9th Cir. 2016) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir.

21   2012)) (finding no error where the claimant did not "demonstrate prejudice from any errors").

22   D. <u>The ALJ did not err in assessing the vocational expert's testimony</u>

Plaintiff maintains that the vocational expert's testimony was flawed because the ALJ did not include additional restrictions in the RFC, again citing evidence provided by Mr. Lodovici, Dr. Sahu, and Ms. Lee. Dkt. 11, pp. 11-12. Plaintiff restates her argument that the ALJ's RFC finding did not account for all her limitations because the ALJ improperly discounted the evidence provided by Mr. Lodovici, Dr. Sahu, and Ms. Lee.

For the reasons discussed above, the ALJ did not err in assessing this evidence, and Plaintiff has not specified what additional limitations the ALJ should have included in Plaintiff's RFC. *See supra* Sections A, B, and C; *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008) (noting that a claimant does not raise a new argument concerning an ALJ's RFC hypothetical by simply restating an argument that the ALJ's RFC finding did not account for all her limitations because the ALJ improperly discounted evidence).

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined Plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 17th day of September, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 9